# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY JAMES ESPARZA,

    Petitioner,

vs.

WARDEN, et al.,

    Respondents.

Case No. 3:10-CV-00317-LRH-(RAM)

**ORDER**

Petitioner has paid the filing fee. The court has reviewed his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to submit an amended petition.

Petitioner alleges that he was convicted of sexual assault of a minor under the age of 14 years and lewdness with a minor under the age of 14 years after a jury trial in the Eighth Judicial District Court of the State of Nevada. The court sentenced petitioner to life imprisonment with the possibility of parole after 20 years for the sexual-assault count, and the court sentenced petitioner to life imprisonment with the possibility of parole after 10 years for the lewdness count; the sentences are concurrent. Petitioner has directly appealed the judgment of conviction, and he has pursued a post-conviction habeas corpus petition in the state courts.

The most common defect with the petition is that petitioner's allegations are too vague and conclusory.

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas

Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Mayle v. Felix, 545 U.S. 644, 649 (2005)

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

Id at 656. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir.1994). This court does not possess the record of petitioner's proceedings in state court. However, in most of his claims petitioner appears to assume that this court knows what happened in state court.

Ground 1 has thirteen claims of ineffective assistance of trial counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Two of the claims in ground 1 are acceptable. In ground 1(b), petitioner alleges that his trial counsel told him that he need not show up for the second day of the trial, and that counsel then told the judge that petitioner probably had absconded to Costa Rica. In ground 1(c), petitioner alleges that counsel did not request a continuance of the trial due to petitioner's absence. Petitioner will need to re-allege these claims in his amended petition, or they will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

The rest of the claims in ground 1 are too vague and conclusory to warrant habeas corpus relief. For example, in ground 1(a) petitioner alleges that counsel never conducted a competency exam of petitioner, but petitioner does not allege any facts that could show why counsel would have reason to believe that petitioner was incompetent. For another example, in ground 1(g) petitioner alleges that counsel did not object to improper jury instructions, but petitioner does not allege what those instructions are. In all of these claims, petitioner does not allege any facts that could demonstrate that counsel performed deficiently or that petitioner suffered prejudice.

Ground 2 contains six claims of ineffective assistance of petitioner's attorney at sentencing. In ground 2(a) petitioner alleges that counsel did not file a motion to vacate or set aside the judgment. As with many of his other claims, petitioner does not allege what issues counsel should have raised, nor does he allege any facts that could show that those issues had any possibility of success. In ground 2(d) petitioner alleges that counsel failed to obtain a psychosexual evaluation of petitioner. The psychosexual evaluation is required for the trial court's consideration of whether to put a person convicted of certain sexual offenses on probation. Nev. Rev. Stat. § 176A.110. Petitioner's two crimes, sexual assault upon a child under the age of 14 years and lewdness with a child under the age of 14 years, make him ineligible for probation. Nev. Rev. Stat. § 176A.100(1)(a). Therefore, counsel did not perform deficiently because he did not request a psychosexual evaluation.

In the rest of ground 2 prejudice is not apparent because of the sentence that petitioner received. At the time, Nevada's sexual-assault statute provided that a person convicted of sexual assault upon a child under the age of 14 be sentenced to life imprisonment with the possibility of parole after 20 years, unless the child also suffered substantial bodily harm. Nev. Rev. Stat. § 200.366(3)(c) (2003). If the child suffered substantial bodily harm, then the penalty was life imprisonment without the possibility of parole. Nev. Rev. Stat. § 200.366(3)(a) (2003).[1] Petitioner was sentenced to life imprisonment with the possibility of parole after 20 years; this was the lowest

---

[1] Amendments effective July 1, 2005, did not effect either of these provision. The current version of § 200.366(3)(c) requires a sentence of life imprisonment with the possibility of parole after 35 years.

possible sentence that he could have received on the sexual-assault charge. Petitioner's sentence for lewdness might not have been the lowest possible, depending upon when the events at issue occurred. The 2003 version of Nev. Rev. Stat. § 201.230 provided for a sentence of life imprisonment with the possibility of parole after 10 years and for a definite term of 20 years with the possibility of parole after 2 years. Amendments of § 201.230 effective July 1, 2005, removed the option of the 20-year definite term. Petitioner was sentenced to life imprisonment with the possibility of parole after 10 years. However, even if he could have received a lower sentence for the lewdness charge, the trial court ran this sentence concurrently with the sentence for the sexual-assault charge. Nothing counsel could have done would have resulted in a sentence lower than what petitioner actually received.

Petitioner also alleges that some of sentencing counsel's failures will affect the decisions of the parole board in the future. As with much of his other allegations, these allegations are too vague and conclusory, because petitioner does not allege how the parole board would be affected.

Ground 3 contains four claims of ineffective assistance of appellate counsel, and all of them are too vague and conclusory. In grounds 3(a), (b), and (c), petitioner alleges that appellate counsel did not obtain the case file, audiotapes, videotapes, and transcripts of police interviews of petitioner, the victim, the mother of the victim, and transcripts of all the hearings in the trial court. Nowhere does petitioner allege what information was in the file, the recordings, or the transcripts that was necessary for appellate counsel to review before proceeding with the appeal. In ground 3(d), petitioner alleges that appellate counsel "[r]epeatedly failed to establish 'plain error', resulting in Nevada Supreme Courts denial of the second, third & fifth claims of the direct appeal." Petitioner does not allege what those claims were, nor does he attach a copy of the Nevada Supreme Court's decision, and this court has no way to determine whether this claim has any possible merit.

Ground 4 is missing. Petitioner refers to attached claims, but the next page in the petition is ground 5.

Ground 5 contains six claims that the trial judge committed error. Petitioner refers to the trial transcript or other documents, or he mentions people in this ground that he does not mention anywhere else in the petition. As with many other claims, petitioner appears to assume, incorrectly,

-4-

that this court has knowledge of the state-court record. Petitioner will need to describe more fully the facts behind his claims and how the trial judge committed constitutional error. Otherwise, his claims are too vague and conclusory to warrant relief

In ground 10, petitioner claims the prosecutor improperly vouched for witnesses. However, petitioner does not allege who the witnesses were, what their testimony was, and how the prosecution vouched for them. Instead, petitioner presents legal arguments. Without any allegations of fact, ground 10 is too vague and conclusory to warrant relief.

In addition to correcting the defects noted above, petitioner will need to re-allege his other grounds for relief in an amended petition, or they will be waived. King, 814 F.2d at 567.

Petitioner has submitted a motion for appointment of counsel. Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that the appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the clerk of the court file the petition for a writ of habeas corpus and the motion for appointment of counsel.

IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Failure to comply with this order will result in the dismissal of grounds 1(a), 1(d) through 1(m), 2, 3, 4, 5, and 10 from this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:10-CV-00317-LRH-(RAM), above the word "AMENDED."

IT IS FURTHER ORDERED, as per prior agreement and so that respondents may be electronically served with any amended petition and exhibits, that the clerk of court shall add Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her office. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED this 11th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE